1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                               AT SEATTLE

8

9    ELIAS SAMAHA,

10                             Plaintiff,              No.  C10-223Z

11   v.

12   WASHINGTON STATE DEPARTMENT              ORDER
     OF TRANSPORTATION, JOHN MORRIS,
13   RALPH ROBERTSON, and CHAD
     SIMONSON,
14                             Defendants.

15

16         THIS MATTER comes before the Court on defendants' motion to transfer venue to

17   the Eastern District of Washington.  Having reviewed all papers filed in support of and in

18   opposition to the motion, the Court hereby GRANTS the motion, docket no. 9, and

19   TRANSFERS this matter to the Eastern District of Washington.  Plaintiff concedes that this

20   action could have been brought in the Eastern District of Washington, where the three

21   individual defendants, John Morris, Ralph Robertson, and Chad Simonson, all reside, and

22   where the events giving rise to plaintiff's claims occurred.  _See_ 28 U.S.C. § 1391(b).  In

23   addition, plaintiff does not dispute that, of the 38 witnesses he has identified, 32 of them

24   reside in Spokane.  _See_ Exh. 1 to Edison Decl. (docket no. 10).  Plaintiff contends, however,

25   that his choice of forum should trump the convenience of the three individual defendants and

26   the vast majority of the witnesses, as well as whatever local interest in the controversy might

1  exist.  *See* *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005)

2  (setting forth the familiar factors for assessing whether to transfer venue).

3    In doing so, plaintiff cites a case in which a motion to transfer venue to Florida was

4  denied in part because the plaintiff in that case, a Washington corporation, chose the Western

5  District of Washington as the forum.  *See* *Attachmate Corp. v. Pub. Health Trust of Miami-*

6  *Dade County*, -- F. Supp. 2d --, 2010 WL 234767 (W.D. Wash.).  *Attachmate* is

7  distinguishable because a separate finding was made in that case of purposeful availment or

8  direction toward the forum by the defendant, and the venues being compared were in

9  different states on opposite coasts.  Here, plaintiff makes no showing that the individual

10  defendants took any actions in or aimed at the Western District of Washington.  Moreover,

11  the venues at issue in this case are within the same state, with the proposed transferee forum

12  being the place of plaintiff's employment from 1998 until 2007, and plaintiff does not

13  establish the type of hardship associated with moving the litigation across the country.

14  Indeed, plaintiff fails to explain how discovery or trial will be any more burdensome for him

15  in the Eastern District of Washington than in this forum.  In light of the circumstances, the

16  Court concludes that the interests of justice will best be served by transferring this case to the

17  Eastern District of Washington.

18    IT IS SO ORDERED.

19    DATED this 18th day of May, 2010.

21  _____
22  Thomas S. Zilly
   United States District Judge

ORDER   -2-